UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | **CRIMINAL NO. H-15-377** |
| **MARIAN ANNETTE CLUFF,** | § | |
| Defendant | § § | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Quincy L. Ollison, Assistant United States Attorney, and the defendant, Marian Annette Cluff ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Parties' Agreement

1. The United States and the Defendant ("The Parties") agree that the Defendant will plead guilty to counts One (1) and Two (2) and of the Indictment. Count One charges the Defendant with Conspiracy to Commit Tax Evasion in violation of Title 18, United States Code, Section 371, and Count Two charges the Defendant with Mail Fraud in violation of Title 18, United States Code, Section 1341. The Defendant agrees to persist in this plea through sentencing. The

parties have agreed to a maximum sentence of up to 120 months imprisonment, as contemplated under Rule 11(c)(1)(C), and allows the Defendant to seek a sentence below said maximum sentence. If this agreement is accepted by the Court, the Defendant is aware and agrees that a sentence of up to 120 months imprisonment will be imposed. Additionally, the Defendant and Co-Defendant and spouse, Alsie Cluff, Jr. agree that they will pay the approximate sum of $4,443,755.69 as restitution to the United States prior to sentencing of the case. The Defendant, by entering this plea, agrees to voluntarily attend any interviews and conferences, including testifying as a witness before a grand jury as the United States may request. The Defendant also agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proven beyond a reasonable doubt.

## The United States' Agreement

2. The United States agrees to each of the following:

   (a) If Defendant pleads guilty to Counts One (1) and Two (2), respectively, of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss all remaining counts in the Indictment at the time of sentencing.

## Punishment Range

3. The statutory maximum penalty for a violation of Title 18, United States Code, Section 371, is imprisonment of not more than five years (5) and a fine of not more than $250,000.00. Defendant also may receive a term of supervised release after imprisonment of up to three (3) years. Title 18, United States Code, sections 3559(a)(4) and 3583(b)(2). The statutory maximum penalty for a violation of Title 18, United States Code, Section 1341, is imprisonment of not more than twenty years (20) and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, Sections 3559(a)(4) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

4. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United

4

States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**Agreement Binding - Southern District of Texas Only**

8. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's

5

Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

- (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

- (b) to set forth or dispute sentencing factors or facts material to sentencing;

- (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

- (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

- (e) to appeal the sentence imposed or the manner in which it was determined.

## Rights at Trial

10. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

11. Defendant is pleading guilty because she is, in fact, guilty of the charges contained in counts One (1) and Two (2) of the Indictment. If this case

7

were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

The Defendant was the founder and former superintendent of The Varnett Public School ("VPS"), a Texas State Open Enrollment Charter School that began operating in 1998 in Houston, TX. She is married to co-defendant Alsie Cluff, Jr. VPS consisted of three campuses located in impoverished neighborhoods in the Houston area, with a population in excess of 1,662 students. It was the largest charter school for elementary education in Texas, and the school received from $9 million to $11 million annually in federal Department of Education and Texas Education funds.

The Defendant also was the president and 100% shareholder of Varnett Academy, Inc. ("VAI"), a real estate company. VAI formerly owned the property on which two of VPS campuses were located, and VAI leased the land and buildings of both properties to VPS on an annual basis. In July 2014, VAI sold the properties to VPS for a substantial gain. Alsie Cluff was the vice president and treasurer of Varnett Academy.

In addition, the Defendant was the president and 100% shareholder of Texas School Bus Company, Inc. ("Bus Company"). VPS contracted with the Bus

8

Company to provide daily bus transportation for students to and from school at its three campuses, and transportation for field trips. Alsie Cluff was the secretary and treasurer of the Bus Company.

From January 2007 to April 2014, the Defendant and Alsie Cluff diverted and deposited approximately $2,616,278.14 of VPS funds into four (4) "off-books" accounts and other accounts that they controlled and used for their personal benefit.

Over $1 million of the VPS funds the Defendant diverted into the off-books accounts came from money orders submitted by the parents of students to pay for school field trips. The Defendant also diverted money from VPS fundraisers such as chocolate sales, book fairs, school carnivals, and "dress-down" days, where students would pay for the privilege of wearing casual attire to school instead of uniforms. The Defendant further diverted funds into the off-books accounts from vendor refund checks, federal subsidy checks, insurance claim checks, federal and state tax refund checks, and checks from school donations. Most of the checks were mailed to VPS by the vendors, insurance companies, and the federal and state government. On or about February 3, 2011, VPS received by mail a check from Verizon Wireless in the amount of $20,858.63 as a refund for services provided to

VPS. The Defendants diverted this money to the off-books account for their personal benefit.

The Defendants concealed the off-books accounts from everyone else involved in VPS finances, including the VPS office manager, external accountants and their income tax return preparer. VPS's business manager collected the money orders and cashier's checks that VPS received for field trips and fundraisers and gave them to defendant Alsie Cluff. Alsie Cluff would organize the money orders and endorse them. Both Defendants made bank deposits into the off-books accounts, but about 80% of the deposits were made by Alsie Cluff.

The Defendants used two Houston area accounting firms to prepare their personal tax returns and the business tax returns of VPS. The accounting firms performed monthly bank reconciliations and entered deposits directly from the bank statements that were maintained and provided to the firm by the Defendant. The accounting firms did not know about the existence of the off-books accounts. The Defendant never provided any money orders payable to VPS for field trips or fundraisers and the firms never entered such deposits on VPS books. The accounting firms also

prepared the defendants' individual tax returns on Forms 1040 for the years mentioned above. Defendant Marian Cluff was the main person of contact for the preparation of the tax returns.

Defendant Marian Cluff did not provide the accounting firms with information related to the funds deposited in the off- books accounts, and the income from those accounts was not reflected on their income tax returns. In total, the defendants failed to report $302,680 of income in tax year 2007; $238,665 of income for tax year 2008; $350,048 of income for tax year 2009; $225,313 of income for tax year 2010; $445,117 of income for tax year 2011; $153,934 of income for tax year 2012; $634,968 for tax year 2013; and $24,272 for tax year 2014. The additional tax due and owing resulting from the underreporting of income by the defendants on their Forms 1040 is $108,057 for 2007; $77,889 for 2008; $130,221 for 2009; $78,859 for 2010; $155,791 for 2011; $48,389 for 2012, $244,144 for 2013; and $8,495 for 2014, for a total of $851,845.  The IRS assessed penalties for tax years 2007 to 2014 is $638,883.75, and IRS added interest for tax years 2007 to 2014 is $336,748.80.  The tax returns for each year did not include the money the defendants diverted from VPS and deposited in the off-books accounts for their personal use.  The Defendants took steps with the accounting firms as

mentioned above to conceal the money they diverted from VPS and their receipt of the above income.

## Breach of Plea Agreement

12. If Defendant should fail in any way to completely fulfill all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

13. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she and her co-defendant spouse Alsie Cluff, Jr. will make a full and complete disclosure of all assets over which they exercise direct or indirect control, or in which they have any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a

transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

14. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

15. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including but not limited to surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her and co-defendant Alsie Cluff, Jr.'s assets to deliver all funds and records of such assets to the United States.

16. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations. Defendant understands that if this Plea Agreement is not accepted by the Court, or if Defendant breaches this Plea Agreement, or if Defendant fails to appear in Court as required (or if any of those conditions occur with respect to the Defendant's co-defendant spouse), then the United States will seek to enforce restitution and forfeiture to the fullest extent of the law, including but not limited to seeking a personal money judgment.

**Restitution**

17. Defendant agrees to pay full restitution to the victims regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victims incurred a monetary loss of at least $2,616,278.14 with respect to the fraud alleged in the scheme to defraud in Count Two of the Indictment, and $1,815,103.46 [handwritten: Vpo $1,827,477.55] (including penalties and interest) with respect to the tax-related offense alleged in Count One. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any

14

manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

18. Nothing in this Agreement precludes the United States from pursuing statutorily permitted enforcement action and any and all remedies to collect restitution once a restitution order is imposed, including placing Defendant in the Treasury Offset Program.

## Forfeiture

19. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture and any supplemental notices is subject to forfeiture, and Defendant agrees to the forfeiture of that property. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Special Provisions Regarding Registry Funds and Real Property

20. The Defendant and co-defendant Alsie Cluff, Jr. previously caused certain funds to be deposited into the Registry of the Court for the benefit of the fraud victims related to Count Two. The Defendant agrees that the funds previously

tendered may be used toward any restitution order that may be imposed by the Court, and the Defendant waives any right or interest in or to the funds.

21. The Defendants have agreed that their real property at 3430 S. Parkwood Drive in Houston, Texas (the "house"), should be liquidated and used towards satisfaction of the restitution judgment that the Court is expected to impose at sentencing. The Defendants and United States have agreed that the Defendants will sell the real property in a commercially reasonable sale to an unrelated third party. The defendants agree that they will not lease or rent out the real property and will use their best efforts to sell it. The United States will release any Notice of Lis Pendens at or before the closing of a sale.

22. The Defendants and the United States have agreed that the net proceeds of the sale (gross proceeds less customary deductions for realtor fees, liens, closing costs, etc.) will be deposited with the U.S. District Clerk to be used for purposes of restitution. In the event the sales proceeds are more than the restitution balance owed, the United States does not object to the excess being returned to the defendants. In the event the sales proceeds do not satisfy the balance of the restitution judgment, the United States will take further action to collect the restitution.

23. The parties have agreed that until the house is sold and the sale has closed, the defendants will be responsible for all expenses of maintaining the real property (including but not limited to mowing, pool care, utility bills, repairs, etc.) and will pay any such bills promptly.

24. In order to give the Defendants the opportunity to sell the house for purposes of restitution, the United States agrees to refrain from forfeiting the house until at least November 1, 2017. After that time, the United States at its option and in its sole discretion may decide to forfeit the house, or may decide to provide an extension of time for the defendants to sell the property.

25. Defendant understands that if this Plea Agreement is not accepted by the Court, or if Defendant breaches this Plea Agreement, or if Defendant fails to appear in Court as required (or if any of those conditions occur with respect to the Defendant's co-defendant spouse), then the United States is released from any obligation under this section and may forfeit the house, seek a personal money judgment, or take any other enforcement action.

**Fines**

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.

Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

27. This written plea agreement, consisting of 20 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __August 25__, 2017.

_____
Defendant

Subscribed and sworn to before me on __August 25__, 2017.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney

By: _____   _____
Quincy L. Ollison                      Dan Cogdell
Assistant United States Attorney        Attorney for Defendant

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-15-377 |
| MARIAN ANNETTE CLUFF, Defendant | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Criminal Indictment. I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____8/25/17_____
Dan Cogdell                         Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Criminal Indictment pending against me. My attorney has fully explained, and I understand all my rights which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     _____8/25/17_____
Marian Annette Cluff                Date
Defendant

20